UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CRIMINAL NO. 12-10040-JLT |
| ) | |
| ARNALDO LOPES ) | |

DEFENDANT'S SENTENCING MEMORANDUM

Defendant requests that the Court sentence him to two years' probation to commence after his release from the state court sentence he is currently serving.  No fine should be imposed.

**BACKGROUND**

Seventeen years ago, Lopes was involved in an altercation that ultimately proved fatal to one of the participants.  In the aftermath of the altercation, Arnaldo Lopes left his family in Boston and moved on to start a new life under a new name, eventually settling in Maryland.  He flourished at a variety of jobs and was involved in positive relationships.

His life under an assumed name ended with his arrest in Maryland pursuant to a Massachusetts state court warrant issued in connection with the 1995 fatal argument.  In 2007 he was returned to Massachusetts to be tried on a single count of murder.  The jury acquitted Lopes on the murder charge but found him guilty of manslaughter.  Lopes was thereafter sentenced to a term of 8-12 years imprisonment, a sentence he is now serving and will be serving for several years more before eligible for parole.

While in Maryland, Lopes applied for and obtained a passport under his assumed name. It is that conduct for which he was federally indicted in the instant matter in Maryland, but now before this Court pursuant to Fed.R.Crim.P. 20.

**THE GUIDELINE SENTENCING RANGE**

The guideline range of 1-7 months is undisputed. PSR ¶76. That range falls within Zone B of the sentencing table, which authorizes probation with a community correction or home detention alternative for the minimum term of the range. PSR ¶77. See U.S.S.G. §5B1.1(a)(2). The Court has the authority to impose the sentence to run concurrently or consecutively to the sentence Lopes is presently serving. PSR ¶78. See U.S.S.G. §5G1.3(c).

**REASONS FOR THE RECOMMENDATION**

Lopes requests that the Court consider a sentence of two years' probation to begin after his release from state custody, a sentence authorized by statute and the applicable guideline sentencing range, but that the Court decline to impose a halfway house or home detention condition as a component of the probationary term. While the Sentencing Commission advises that such a condition should be imposed as an alternative to actual incarceration, the condition makes little sense in the circumstances of this case where (a) defendant will not be released to the sentence for several more years, and (b) when released will be subject to parole supervision. As the PSR

points out, Lopes has considerable family and other support both in the Boston and Maryland areas; his release to either area will be seamless without the necessity of a halfway house or other monitoring.  As a sanction for the conduct at issue, the efficacy of one or more months in a halfway house or home detention is questionable given the substantial period of time Lopes will already of spent in the Massachusetts Department of Corrections.  Moreover, imposing a halfway house or home detention component to the probationary term in the future may conflict with and/or impede Lopes's release on parole.

The PSR demonstrates the concrete, positive steps Lopes has made toward rehabilitation.  See, e.g., ¶¶ 65 & 69 (discussing participation in classes, church, and Wheels for the World program).  These positive, prognostic signs, in conjunction with Lopes's substantial family and community support, presage a low risk of recidivism.  There is consequently no need for an additional halfway house or home detention component to implement the sentencing goals of 18 U.S.C. § 3553(a), and the Court should therefore decline to impose such a condition.

## CONCLUSION

The Court should sentence defendant to two years' probation to commence after his release from the state court sentence he is currently serving with statutorily required conditions.  The Court should not impose a fine.

        ARNALDO LOPES,
        By His Attorney:


        /s/ Timothy Watkins
        Timothy Watkins
        Federal Defender Office
        51 Sleeper St. 5th Floor
        Boston, MA 02210
        Tel: 617-223-8061


       <u>CERTIFICATE OF SERVICE</u>

 I, Timothy G. Watkins, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), as well as to U.S. Probation Officers Craig Orze by electronic mail, on July 9, 2012.


        /s/ Timothy G. Watkins
        Timothy G. Watkins